FRANCIS B. FARLEY AND ELIZABETH D. FARLEY, PLAINTIFFS, v. PHILADELPHIA INQUIRER, A CORPORATION, AND GEORGE R. PELOUZE, DEFENDANTS.

PHILADELPHIA INUIRER, A CORPORATION, PLAINTIFF, v. GEORGE R. PELOUZE, DEFENDANT.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rules, *James Mercer Davis.*

*Contra, Albert S. Woodruff* and *T. Harry Rowland.*

PER CURIAM.

In these two cases the Philadelphia Inquirer has rules for new trial which were argued together. The Inquirer was (for all practical purposes under the rules), the defendant in the two cases, in one of which Mrs. Farley, an injured woman, recovered a verdict of $7,500, her husband a verdict of $5,000, and Pelouze a verdict of $2,000.

The actions arose out of a collision between the Inquirer's Ford car and the Cadillac of Pelouze, the latter driven by his son, but claimed to have been borrowed by and at the time under the control of a Mrs. Duffy.

The reasons urged for making the rules absolute are that the verdicts were contrary to the evidence and its weight as to the award to Pelouze, and that there was error in the charge respecting the liability of Pelouze, and the negligence of his son.

The collision occurred on the White Horse pike, perhaps the most traveled highway in South Jersey. The Ford car of the Inquirer was attempting to make a left turn on a straightaway part of that highway when the Cadillac, proceeding north, collided with it. There was proof that Mrs. Duffy borrowed the car and directed its movements on the occasion in question, Pelouze's son acting as chauffeur. The learned trial judge submitted to the jury not only the question of the negligence of the son as the servant of the father, but also the question of the responsibility of Pelouze for the operation of his car on the occasion in question, and this is alleged to be error.

We think both questions were fairly in the case and the jury might well have concluded that the son was not negligent, or even though negligent, that the father was not chargeable with responsibility therefor.

The rules for new trial will be discharged.